UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

U.S. COURTS

OCT 16 2024

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

JUSTIN LYLE IZATT,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:13-cv-00431-EJL,
    1:10-cr-00112-EJL

The Honorable David Charles Nye
United States District Judge

## MOTION FOR COMPASSIONATE RELEASE PURSUANT TO TITLE 18 U.S.C. § 3582 (c)(1)(A) AMENDED BY THE FIRST STEP ACT

COMES NOW, Petitioner Justin L. Izatt, appearing PRO SE, in his Motion for Compassionate Release pursuant to Title 18 U.S.C. § 3582(c)(1)(A). Petitioner brings this second motion for Compassionate Release based in part on a terminally ill family member, rehabilitation, and conditions concerning the First Step Act credits. Because Petitioner has to retrieve vital hospital records outside of his reach, Petitioner requests attorney assistance under the Criminal Justice Act. 18 U.S.C. § 3006A

I

### FACTUAL BACKGROUND

Mr. Izatt was originally indicted on one count of possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine. The charge was amended to possession with intent to distribute 50 grams of actual methamphetamine. Petitioner retained two attorneys to represent him at trial. The jury found Mr. Izatt guilty on the amended charges. (Cr.Dkt. 63) Because this conviction was Mr. Izatt's third felony conviction for a controlled substance offense, the Court had no discretion at sentencing and Mr. Izatt was sentenced to

life imprisonment, 10 years of supervised release, and a $100.00 special assessment fee.

Prior to sentencing, Mr. Izatt filed a Motion for Acquittal which was denied by the Court. (Cr.Dkt. 70) Mr. Izatt filed a direct appeal challenging his life sentence and certain rulings made during the course of the trial. The Ninth Circuit affirmed the District Court's ruling. (Cr.Dkts. 93 and 95) The United States Supreme Court denied his Petition for Writ of Certiorari. (Cr.Dkt. 97) Mr.Izatt then filed a Motion for New Trial. (Cr.Dkt. 98) This motion was denied. (Cr.Dkt. 103) This ruling was also appealed to the Ninth Circuit. The Ninth Circuit affirmed the District Court's denial of the Motion for a New Trial.

On           , 20   , Petitioner filed his first Compassionate Release motion, which the Court granted, reducing Petitioner's sentence from life to 25 years. Now Petitioner brings his second Compassionate Release motion.

II

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. 3582(c). See Dillion v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) ([A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances.) Those limited circumstances include compassionate release in extraordinary cases. See United States v. Holden, 452 F. Supp. 3d 964, (D. Or. 2020) Prior to the enactment of the First Step Act of 2018 ("FSA"), motions for Compassionate Release could only be filed by BOP. 18 U.S.C. 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for Compassionate Release in the district court.

The applicable policy statement with respect to Compassionate Release in

the district court.

The applicable policy statement with respect to Compassionate Release in th U.S. Sentencing Guidelines sets out criteria and circumstances describing "extra-ordinary and compelling reasons." U.S. Senting Guidelines Manual ("USSG") 1B1.13 (U.S. Sentencing Commission 2018) See also United States v. Gonzalez, 451 F. Supp. 3d 1194 (E.D. Wash 2020) (noting that many xourts have relied on USSG 1B1.13 to define "extraordinary and compelling reason"). Even though that policy statement was issued before Congress pass the First Step Act and authorized defendants to file Compassionate Release motions.) However, the Ninth Circuit has now held "that the current version of USSG 1B1.13 is not an applicable policy statement[] for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. United States v. Aruda 993 F. 3d 797, 802 (9th Cir. 2021) "In other words, the Sentencing Commission has not issued a policy statement applicable to 3582(c)(1)(A) motion filed by a defend-and." Id. The Ninth Circuit clarified that "[T]he Sentencing Commission's state-ments in USSG 1B1.13 may inform a district court's discretion for 3582(c)(1)(A) motion filed by a defendant, but they are not binding." Id. (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020).

### III

### ANALYSIS

As a district court summarized, in analyzing whether a defendant is entitled to Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must deter-mine has satisfied three requirements:

First, as a threshold matter, the statute requires defendant's to exhaust administrative remedies. 18 U.S.C. §3582(c)(1)(A). Second, a district court may grant compassionate release only if " extraordinary and compelling reasons warrant such a reduction" "and such a reduction is consistent with applicable policy state-ments issued by the Sentencing Commission. Id. Third, the district court must also

3

consider "the factors set forth in section 3553(a) to the extent they are applicable Id. United States v. Rodriguez, 424 F.Supp. 3d 674, 680 (N.D. Cal. 2019); see also United States v. Ramirez-Suarez, No. 16-cr-00124-LHK-4, 2020 U.S. Dist. LEXIS 120887, 2020 WL 3869181, at 2 (N.D. Cal. July 9, 2020).

IV

## ADMINISTRATIVE EXHAUSTION

Petitioner exhausted his administrative remedies prior to filing his 18 U.S.C. (c)(1)(A)(i) by submitting a written cop-out to the warden then waiting 30 days. On June 20. , 2024, no response was given by the warden.

V

## FAMILY CIRCUMSTANCES

Under the new Family Circumstances category, "extraordinary and compelling reasons" for a sentence reduction may exist on the following grounds:

**"The Incapacitation of the Defendant's Parent When the Defedant would be the only available caregiver for the Parent."**

See U.S.S.G. §1B1.13(b)(3)(C).

Petitioner argues that because he is the only available caregiver for his mother, who is incapacitated, he has established an extraordinary and compelling reason un § 1B1.13(b)(3)(C).

Ms. Izatt is incapacitated. She has many serious medical conditions, including bone cancer which has spread from her shoulders, spine, and hips. Ms. Izatt has no children other than Justin making him the only available live-in help. Ms. Izatt had help from a friend who is now incapacitated himself, suffering from several illnesses. At 80 years old, he is now hospitalized, leaving Ms. Izatt home alone without the strength to walk on some days. Her docctors have stated on her chemotherapy days she cannot leave the hospital on her own. She needs a caregiver to help with simple tasks such as using the bathroom, cooking, picking up meds, arranging transportation, cleaning, and many other domestic tasks.

Certainly having her only son there with her will perhaps extend her life. The two questions here for this Court to decide are: Has Ms. Izatt become incapacitated since her sons incarceration? And if her son is in fact his mother's only available caregiver? For these reasons, Petitioner pleads with this Court to grant this motion and allow him to assist his mother in her time of need.

## VI

### OTHER REASONS

In the Federal District of Massachusetts (<u>vitaly Borker v. Bowers</u>, Case No. 1:24-cv-10045-LTS) Recently (May 2024) decided in favor of Borker, by U.S. District Judge Leo T. Sorokin, Borker claimed that from the time he was sentenced April 28, 2023, until he landed at his facility (FMC Devens, just outside of Boston, MA.) he should have received FSA credits. The Bureau stated that the request be denied based on the fact that Borker never participated in FSA programming. Judge Sorokin disagreed and ruled that "this position amounts to an end run around the plain language of the FSA..." The First Step Act of 2018 requires he be permitted to earn time credits when his judgment of sentence enters, as he is then already "in custody awaiting transport" to a disgnated facility. This contravenes the command of Congress, something the BOP cannot do.

The order held that he should be awarded all of his FSA credits from the time he was sentenced, something affecting thousands of Federal prisoners, and representing millions of dollars in cost savings, something the FSA was supposed to do anyway.

In this case Petitioner was already signed up for his FSA programming and then was transferred to his next facility. As stated above, Petitioner should receive all time credits dating back to December 2018. When the First Step Act of 2018 was inacted. As shown on <u>Exhibit</u> #2 (under Accrued Program Days) Petitioner should have 1683 days, but the 334 days are being disallowed due to being transferred to his next facility. Please allow for his fifteen

5

days a month to be credited to his release date.

## VII

### REHABILITATION

Petitioner's post conviction incarceration conduct has been exemplary in that he has remained drug and violence free, apart from (1) incident where he had to protect himself back in 2017. Further, Petitioner has participated in multiple programming events related to rehabilitation. See Exhibit #3.

Moreover, Petitioner was sentenced to life imprisonment in 2011 way before the First Step Act was inacted showing his true character as he has remained active in his programming since his incarceration began.

## VIII

### RELEASE PLAN

If Petitioner were released today he would be a caregiver for his ailing mom. But he still has two places who offer him work if released today:

1. Daimond Towing, Inc. & DVA GNL Recovery
   Contact: Gene Graham  208-308-8060 or 208-320-8988

2. Idaho Material & Construction
   Contact: Jacob Tatteral  208-733-5933 or 208-420-6125

Both of these job opportunities are in his mother's town of Twin Fall. If Petitioner could, he would drive the local tow truck and take care of his mom. Petitioner would be willing to wear an ankle monitor as well if the Court sees fit.

## IX

### SECTION 3553(a) FACTORS

Under 3553(a) factors the Court must consider what is "sufficient, but not greater than necessary, to comply with the purposes of [sentencing]" which include:

1. The nature and circumstances of the offense and the history and charac- the defendant.

2. The need for the sentence imposed -(a) to reflect the seriousness of the offense, to promote respect for

6

the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct;(c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner,

3. the kinds of sentences available;

4. the kinds of sentences and sentencing range provided for the USSG;

5. any pertinent Policy statements;

6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,

7. the need to provide restitution to any victims of the offense.

## THE CRITERIA FOR REASSESSING THE LENGTH OF IZATT'S SENTENCE WEIGH STRONG IN FAVOR OF A SENTENCE REDUCTION OR HOME CONFINEMENT

When deciding a motion for relief under 18 U.S.C. §3582(c)(1)(A)(i) a court must consider factors such as the defendant's rehabilitation, his history and characteristices, and other factors that bear on who the defendant is today. See U.S.S.G. 1B1.13 (requiring consideration of, inter alia, the factors set forth in 18 U.S.C. 3553 (a)) In granting Mr. Izatt's first compassionate release motion the court clearly did not believe a life sentence was necessary in this case. Mr. Izatt is truly greatful for the Court's mercy in reducing his sentence, and does not dispute that his crimes were serious and that he made exceptionally poor decisions. However, in evaluating the 3553(a) factors, Mr. Izatt asks the Court to consider who he is today, and the fact that he has already served 14 years equivalent of a very serious and lengthy sentence. As a 48 year old man, Mr. Izatt has demonstrated that he no longer poses a risk to his community and that he is ready to re-enter society.

Mr. Izatt's remarkable personal rehabilitation and his exemplary behavior during his incarceration are not just among the reasons why his sentence should be further reduced. They also weigh in favor of a reduction to time served.

Mr. Izatt's personal growth and postive impact on his community have been recognized by his fellow inmates. He has assisted several inmates in obtaining their GED's and has been a voice for change for them as well.

## XI

### IZATT IS NOT A DANGER

Mr. Izatt, is now 48 years old, does not pose a danger to the community. Since his trial he has excepted responsibility for the actions he took almost 14 years ago. He recognizes that his actions were painful and damaging to his community. The fact that Mr. Izatt has become a model prisoner over his incarceration demonstrates that he is now capable of regulating his once-impulsive behaviors. Even the BOP agrees that Izatt is not a danger, rating him as "Low Risk" for recidivism. See Exhibit 3, Individualized Needs Plan. In short, this Court can trust Mr. Izatt to contribute to, rather than endanger, his community once he is permitted to return.

### CONCLUSION

Mr. Izatt respectfully urges the Court to use the authority conferred by the First Step Act and the Commission's recent amendment to Section 1B1.13 to reduce his sentence to time served, or home confinement. Mr. Izatt also request an attorney for oral argument and to procure medical records.

*[signature: Justin Izatt]*

Justin L. Izatt    PRO SE REPRESENTATION
Reg. No. 13527-023
FCI McDowell
P.O. Box 1009
Welch, WV 24801

## VERIFICATION

I, _____Justin L. Izatt_____ PRO SE Defendant/Petitioner, declares under the penalty of perjury, under the laws of the United States that the above mentioned facts, statements, and all attachments in the instant Motion/Petition are to the best of my knowledge true and correct.

## CERTIFICATE OF SERVICE

I, _____Justin L. Izatt_____ PRO SE Defendant/Petitioner certifies that a true and exact copy of the foregoing Motion/Petition was sent First-Class Mail, the postage pre-paid on this __9__ day of __OCTOBER__, 202_4_,

and sent to: The Office Of The District Court Clerk at:
550 WEST 4TH ST
SUITE 400 BOIS ID 83724

to allow for the adequate and proper distribution of this document.

Respectfully submitted,

*/s/ Justin L. Izatt*  PRO SE
Reg. No. 13527-023
Federal Correctional Institution
P.O. Box 1009
Welch, West Virginia  24801